**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 7th day of June, 2017.**



_____
Robert D. Berger
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

**Sheldon A. Gray and**
**Karla Latonya Houston-Gray,**                            Case No. 12-22251
    **Debtors.**                                                                                   Chapter 7

**Sheldon A. Gray,**
    **Plaintiff,**

    v.                                                                                             Adv. Pro. No. 15-6005

**Ronald Nussbeck,**
    **Defendant.**

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
**AND ORDERING DEFENDANT TO SHOW CAUSE**

Section 524 of the Bankruptcy Code is the backbone of an honest but unfortunate

debtor's fresh start.[1] It operates as an injunction against the commencement or continuation of

---

[1] 11 U.S.C. § 524. All future statutory references are to the Bankruptcy Code (Code), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101–1532, unless otherwise specifically noted.

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

any action to collect a discharged debt.[2] It unambiguously voids past and future *in personam* judgments on discharged debts "at any time obtained."[3] Section 524 also provides the sole authority under which a discharged debt may be reaffirmed and collected.[4] A post-discharge agreement between a creditor and a debtor to repay a discharged debt, regardless of whether the agreement includes new consideration, is not enforceable unless, among other requirements, the agreement is filed with the bankruptcy court.[5] In sum, § 524 provides "an equitable remedy precluding the creditor, on pain of contempt, from taking *any* actions to enforce the discharged debt."[6]

Here, the Court is asked to conclude that full faith and credit, issue preclusion, and the *Rooker-Feldman* doctrine deprive this Court of jurisdiction over Debtor's claims that Defendant violated § 524 by taking an *in personam* judgment in state court that included discharged debt. The Court declines to do so.

## I. BACKGROUND

Plaintiff/Debtor Sheldon Gray filed a voluntary petition for Chapter 7 relief on August 17, 2012. Defendant Ronald Nussbeck was scheduled as an unsecured creditor in the case and received notice of the same in December 2012.[7] The amount of Debtor's debt to Defendant was scheduled as "unknown."[8] Debtor, without objection, received a discharge on

---

[2] § 524(a)(2).

[3] § 524(a)(1); *see also* 4 COLLIER ON BANKRUPTCY ¶ 524.02[1], at 524-19 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016) ("Section 524(a)(1) clearly pertains to judgments obtained both before and after the discharge order, in that it refers to 'any judgment at any time obtained.'").

[4] § 524(c).

[5] § 524(c).

[6] Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1200 (9th Cir. 2008) (italics in original), *aff'd*, 559 U.S. 260 (2010).

[7] Case no. 12-22251, Doc. 37-38.

[8] Case no. 12-22251, Doc. 37.

January 17, 2013.[9] Debtor's case was an asset case and an order fixing the time for filing claims was served on all scheduled creditors, including Defendant.[10] Defendant had actual notice of Debtor's bankruptcy and discharge, as well as timely notice to file a proof of claim.

Thereafter, this Court's record is silent as to any interactions between Debtor and Defendant until February 11, 2015, when Debtor, acting pro se, commenced this adversary proceeding against Defendant. The entirety of Debtor's allegations in his Complaint against Defendant are brief. Debtor writes:

> [Defendant] took me to Jackson County Court for debt include in the Bankruptcy of $10,000 personal loan, $14,187.52 BOK, and $18,954.01 real estate taxes on 6430 troost ave, Kansas city mo 64131, and won a judgments in December 2014.
> Complaints pursuant to Fed. R. Bankr. P. 4004(a) or 4007(c), motions under Fed. R. Bankr. P. 1017(e).

After being served, Defendant filed his Motion to Dismiss Debtor's Complaint. Defendant argues the Complaint should be stricken because it was not filed by Debtor's counsel of record in Debtor's main bankruptcy case. Defendant also argues the Complaint fails to state a claim for relief. Finally, Defendant argues this Court does not have jurisdiction over the Complaint as a matter of "full faith and credit, issue preclusion and the *Rooker-Feldman* doctrine,"[11] as the Complaint is an attempt by Debtor to revisit a state court judgment.

Courts construe a pro se litigant's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[12] Here, Debtor's Complaint references as the bases for his claims Federal Rules of Bankruptcy Procedure 1017(e), 4004(a), and 4007(e). Rule 1017 concerns dismissal or conversion of a bankruptcy case, while Rules 4004 and 4007 address,

---

[9] Case no. 12-22251, Doc. 46.

[10] Case no. 12-22251, Doc. 66-68.

[11] Doc. 13, at 2.

[12] Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997).

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

respectively, the grant or denial of discharge and the determination of the dischargeability of a debt. As the Complaint references a $10,000 loan included in Debtor's bankruptcy, and in light of Debtor's reference to rules governing discharge, the Court interprets Debtor's Complaint as one to enforce his discharge. The Court verified its interpretation at a status conference held on April 7, 2016, where Debtor's Complaint was clarified as arising out of a state court judgment that included prepetition debt.

The majority of the state court record was not available for the Court's review at the status conference, so Defendant agreed to and did submit additional exhibits to shed light on the state court proceedings. The Court later gave the parties notice of its intent to take judicial notice of the pleadings and other documents filed in the state court case.[13] Neither party objected, so the Court took Judicial Notice of all the pleadings and other documents filed in *Nussbeck v. Gray*, Case No. 1316-CV27930 (Circuit Court of Jackson County, MO).[14]

Review of the state court pleadings shows that debt incurred by Debtor pre-bankruptcy was a significant portion of the amounts Defendant sought to recover. That is, Defendant sought through his state court law suit to recover at least a portion of $10,000 in debt that arose on or around February of 2010.[15] This Court's record shows that this prepetition debt was never reaffirmed[16] and, as a result, was discharged when Debtor received his discharge on January 17,

---

[13] Doc. 33.

[14] The documents on which the Court takes Judicial Notice are filed separately at Doc. 36. When considering a motion to dismiss, "[t]he court may take judicial notice of its own files and records, matters of public record, as well as the passage of time." Logan v. United States, 272 F. Supp. 2d 1182, 1184 n.1 (D. Kan. 2003).

[15] Doc. 36, Petition ¶ 8, Nussbeck v. Gray, Case no. 1316-CV27930 (Circuit Court of Jackson Cty., MO, Nov. 1, 2013).

[16] *See* In re King, 744 F.3d 565, 567 (8th Cir. 2014) ("An agreement seeking to reaffirm pre-discharge debt and incorporate it into a new post-discharge debt is only enforceable if numerous requirements are met, including receipt of a bankruptcy court's express approval of the agreement.") (citing 11 U.S.C. § 524(c)).

2013.[17] Yet, and despite the discharge and lack of reaffirmation, the state court pleadings outline Defendant's efforts to collect that discharged debt through what was described as an "Agreement" and "Settlement of Debt."[18] The Agreement and Settlement of Debt, along with Debtor's failure to honor the same, were the genesis for Defendant's state court suit against Debtor.

Notably, the pleadings suggest Debtor cooperated with Defendant in forming the "Agreement" and "Settlement of Debt." Regardless of whether Debtor cooperated with Defendant in forming the Agreement and Settlement of Debt, Debtor rightfully raised his bankruptcy as an affirmative defense in the state court litigation, arguing Defendant was seeking to collect a discharged debt.[19] Debtor also briefed the discharge-related issues in a Motion for Judgment on the Pleadings and Motion for a New Trial.[20] The state court rejected Debtor's bankruptcy defense and entered and stood by its judgment against Debtor and in favor of Defendant for what included, at least in part, discharged debt.[21]

The state court's judgment against Debtor initially appears puzzling. But, a deeper review of the state court pleadings may explain, at least in part, the state court's rejection of Debtor's bankruptcy defense. For example, Defendant makes several statements to the state court that Debtor committed fraud against this Court, including false representation to this Court of (i) the

---

[17] Case no. 12-22251, Doc. 46.

[18] Doc. 36, Petition ¶ 25, 28, Nussbeck v. Gray, Case no. 1316-CV27930 (Circuit Court of Jackson Cty., MO, Nov. 1, 2013).

[19] Doc. 36, Answer ¶ 69-71, Nussbeck v. Gray, Case no. 1316-CV27930 (Circuit Court of Jackson Cty., MO, Feb. 3, 2014).

[20] Doc. 36, Motion for Judgment on the Pleadings and Motion for New Trial, Nussbeck v. Gray, Case no. 1316-CV27930 (Circuit Court of Jackson Cty., MO, September 29, 2014, and December 12, 2014).

[21] Doc. 36, Judgment and Order Denying Motion for New Trial, Nussbeck v. Gray, Case no. 1316-CV27930 (Circuit Court of Jackson Cty., MO, Nov. 1, 2013).

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

ownership and value of certain property and (ii) the balance of Debtor's debt to Defendant, thereby depriving Defendant of notice of Debtor's bankruptcy case.[22] As a general concern, Defendant's statements about fraud on this Court are confounding. Defendant received late – but still timely – notice of Debtor's bankruptcy case and the discharge, as well as timely notice of the deadline for filing a proof of claim. Further, neither the United States Trustee nor the Chapter 7 trustee took issue with the Debtor's conduct or disclosures in his bankruptcy case, and the deadlines for alleging such fraud are long expired. The record does not support Defendant's representations to the state court about Debtor's fraud on this Court.

After losing in state court, Debtor commenced this adversary proceeding. Defendant now seeks the dismissal of Debtor's complaint, arguing this Court does not have jurisdiction over Debtor's Complaint and that, even if this Court does have jurisdiction, Debtor cannot proceed pro se and fails to state a claim for which relief may be granted.

## II. JURISDICTION

Federal courts have limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction."[23] The Court considers Defendant's jurisdictional argument first because, absent subject matter jurisdiction, the Court lacks authority to adjudicate Debtor's claims.

Debtor, albeit briefly, alleges Defendant violated the discharge injunction by proceeding to judgment on a discharged debt in state court. Defendant argues full faith and credit, issue preclusion, and the *Rooker-Feldman* doctrine deprive this Court of jurisdiction over Debtor's claim.

---

[22] See Doc. 36, Petition ¶ 15-22, Nussbeck v. Gray, Case no. 1316-CV27930 (Circuit Court of Jackson Cty., MO, Nov. 1, 2013).

[23] The Wilderness Soc'y. v. Kane Cty., Utah, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring).

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

6

a. ***Rooker-Feldman Doctrine***

The *Rooker-Feldman* doctrine "is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments."[24] A difficulty is that "general confusion" surrounds *Rooker-Feldman*, and as difficult as it is to decipher, it is even more difficult to apply. Before discussing what *Rooker-Feldman* is not, it is appropriate to start with what it is: A doctrine that prohibits usurpation by a lower court of the United States Supreme Court's exclusive authority to void a state court judgment.[25] That is, it "precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in [a lower] federal court."[26] Specifically, "[i]f success on the claims alleged in federal court would necessarily require the federal court to review and reject the state court's judgment, *Rooker-Feldman* applies."[27]

Here, Debtor lost in state court and is complaining to this Court about the resulting injury, but he does so in a bankruptcy case that was filed and discharged before the state court litigation was initiated. Defendant, through his state court action, sought to enforce an agreement that § 524(c) explicitly rendered unenforceable because it was not filed with this Court.[28] Consequently, Debtor's prepetition debt to Defendant remained discharged and the resulting state court judgment on the discharged debt is void by operation of § 524(a). It remains unsettled

---

[24] Campbell v. City of Spencer, 682 F.3d 1278, 1281 (10th Cir. 2012).

[25] Bolden v. City of Topeka, Kansas, 441 F.3d 1129, 1139 (10th Cir. 2006)..

[26] In re Miller, 666 F.3d 1255, 1261 (10th Cir. 2012).

[27] Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline), 472 B.R. 98 (B.A.P. 10th Cir. 2012) *aff'd*, 514 Fed. App'x 810 (10th Cir. 2013).

[28] *See King*, 744 F.3d at 567 (citing § 524(c)); *see also* SMS Financial JDC, LP v. Cope, ___ Fed. App'x ___, 2017 WL 1352076 (10th Cir. April 13, 2017) ("Reaffirmation agreements entered into without compliance with the requirements of § 524(c) have generally been described as 'void and unenforceable,' rather than merely voidable").

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

7

whether the *Rooker-Feldman* doctrine prohibits a Federal Court from reviewing and rejecting a state court judgment that is void by virtue of § 524(a).[29]

In confronting this issue, this Court is mindful of the Supreme Court's warning that "lower courts have at times extended *Rooker-Feldman* far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738."[30] Unfortunately, there is no Supreme Court precedent applying the *Rooker-Feldman* doctrine in the context of a void state court judgment. In *Rooker*, the Supreme Court observed a *wrong* decision was not itself a *void* decision.[31] To entertain a proceeding to reverse or modify a *wrong* decision would be a prohibited exercise of appellate jurisdiction.[32]

On the other hand, *Rooker* did not speak to *void* state court decisions other than to observe the difference between wrong versus void. The Supreme Court clarified in *United Student Aid Funds Inc. v. Espinosa* that "[a] void judgment is a legal nullity."[33] "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."[34] Void actions are without legal effect and subject to

---

[29] See 4 COLLIER ON BANKRUPTCY ¶ 524.02[1], at 524-20 n.7 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016) (Contrasting cases).

[30] Lance v. Dennis, 546 U.S. 459, 464 (2006) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005) (internal quotations omitted)).

[31] Rooker v. Fid. Trust Co., 263 U.S. 413, 415 (1923) ("If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding.").

[32] *Rooker*, 263 U.S. at 416.

[33] 559 U.S. 260, 270 (2010).

[34] *Id*.

collateral attack.[35] Therefore, *Rooker-Feldman* is not a bar to jurisdiction where the state court judgment is void, as the judgment, as a matter of law, is a nullity and without binding legal effect.

In the Tenth Circuit it is long established that a judgment in a case against a debtor taken while the automatic stay of § 362(a) is in place is void, without effect, and, hence, subject to collateral attack.[36] This precedent is noteworthy because the word "void" is absent from the text of § 362. The Tenth Circuit is not alone in its interpretation, as many courts treat actions taken in violation of § 362 as void.[37] Meanwhile, the discharge injunction of § 524, which eventually replaces the automatic stay, specifically and unambiguously "*voids any judgment at any time obtained*, to the extent that such judgment is a determination of personal liability of the debtor

---

[35] Ellis v. Consol. Diesel Elec. Corp., 894 F.2d 371, 372–73 (10th Cir. 1990) (citing Kalb v. Feuerstein, 308 U.S. 433, 438 (1940) ("[T]he action of the ... Court was not merely erroneous but was beyond its power, void, and subject to collateral attack."); Meyer v. Rowen, 181 F.2d 715, 716 (10th Cir. 1950); In re Sambo's Restaurants, Inc., 754 F.2d 811, 816 (9th Cir. 1985); Borg–Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982); 2 COLLIER ON BANKRUPTCY § 362.11 (15th ed. 1989)).

[36] *Ellis*, 894 F.2d at 372-373.

[37] *Id*. *See also* In re Gruntz, 202 F.3d 1074, 1083 (9th Cir. 2000) (even if state courts have concurrent jurisdiction, the federal courts, by virtue of the power vested in them by Congress, have the final authority to determine the scope and applicability of the automatic stay; "[a] bankruptcy court simply does not conduct an improper appellate review of a state court when it enforces an automatic stay that issues from its own federal statutory authority"); Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 384 (6th Cir. 2001) (when party seeks to commence or to continue proceedings in one court against debtor or his property, non-bankruptcy court properly responds to the filing by determining whether automatic stay applies but "[i]f the non-bankruptcy court's initial jurisdictional determination is erroneous, parties run the risk that the entire action later will be declared void *ab initio*"); Raymark Indus., Inc. v. Lai, 973 F.2d 1125, 1132 (3d Cir. 1992) (bankruptcy court had the power to vacate the decision of state court dismissing appeal because actions taken in violation of the automatic stay are void *ab initio*).

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

9

with respect to any discharged debt…."[38] Where "statutory language is not ambiguous, it is controlling."[39]

Of course, it would yield an absurd result if an action that is specifically and unambiguously void under §524 were not subject to collateral attack, while at the same time allowing collateral attack under § 362 where the word "void" is absent from the statute's text. A legal nullity subject to collateral attack because it violates the automatic stay should not, by logical extension, be shielded from collateral attack where the violation arises under § 524. *Collier on Bankruptcy*, a leading bankruptcy treatise, puts it this way:

> Section 524(a) is meant to operate automatically, with no need for the debtor to assert the discharge to render the judgment void. A bankruptcy court can find that a postpetition state court judgment is void despite the full faith and credit normally given to state court judgments.[40]

Moreover, it makes no sense to suggest a bankruptcy court cannot use § 524's clear and unambiguous language to void a state court judgment on a debtor's personal liability for discharged debt. The alternative means the honest but unsophisticated debtor may lose the benefit of the discharge to an unscrupulous creditor who proceeds in violation of § 524 to judgment on a debt, because it knows as much as 90 percent of collection suits will not be defended and end in default judgment.[41]

---

[38] § 524(a) (emphasis added).

[39] In re Skinner, 917 F.2d 444, 447 (10th Cir. 1990) (citing Roberts v. United States (In re Roberts), 906 F.2d 1440, 1442 (10th Cir. 1990); Miller v. Commissioner, 836 F.2d 1274, 1280–85 (10th Cir. 1988)).

[40] 4 COLLIER ON BANKRUPTCY ¶ 524.02, at 524-20 (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2016) (footnote omitted).

[41] *See, e.g.*, Consent Order, Portfolio Recovery Assocs., LLC, CFPB No. 2015-CFPB-0023 (Sept. 8, 2015), at ¶ 28, http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf.

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

10

Case 15-06005    Doc# 39    Filed 06/07/17    Page 10 of 17

Even though the discharge injunction is created by statute, it is well established that the enforcement of the discharge injunction through its contempt authority requires a bankruptcy court to exercise its equity jurisdiction through § 105(a).[42] Specifically, § 105(a) "grants bankruptcy courts the power to sanction conduct abusive of the judicial process."[43] A creditor who prior to taking judgment violates the discharge injunction by attempting to reaffirm a debt without court approval does not escape the consequences arising from such abusive practices by taking judgment in state court before being caught.[44] This Court has the authority to enforce its orders and retains jurisdiction to sanction Defendant's conduct in connection with his willful disregard for § 524 and the Bankruptcy Code.[45]

To conclude otherwise would be to permit the state court to act as a court of appeal to this Court's discharge order, because the state court in effect modified or voided this Court's order and application of a federal statute. It is uniquely within the domain of Congress to establish uniform laws on the subject of bankruptcy.[46] As reflected by the Bankruptcy Code, it is within this Court's province, not a state court's to determine the breadth and application of § 524.

---

[42] Paul v. Iglehard (In re Paul), 534 F.3d 1303, 1306–07 (10th Cir. 2008); *see also* WD Equip., LLC, v. Cowen (In re Cowen), 849 F.3d 943, 950 (10th Cir. 2017) (citing Scrivner v. Mashburn (In re Scrivner), 535 F.3d 1258, 1263 (10th Cir. 2008)).

[43] *Scrivner*, 535 F.3d at 1263 (internal quotations omitted).

[44] *Cf.* Driskell v. Thompson, 971 F. Supp. 2d 1050, 1065 (D. Colo. 2013) ("[T]hese claims arose prior to the … proceeding and 'are not an attack on the [state court] judgment or [state court] proceedings… but rather claims that could have been brought regardless of what occurred at the state-court level.") (brackets in original) (citing Amerson v. Chase Home Finance LLC, No. 11-cv-01041-WJM-MEH, 2012 WL 1686168, *10 (D. Colo. May 7, 2012)).

[45] It is not lost on this Court that Plaintiff knowingly may have participated in activities barred by § 524. Such participation, if proven at trial, would figure into any sanctions awarded. But, Defendant's conduct violated § 524 regardless of Plaintiff's involvement.

[46] U.S. CONST., art. I, §9.

Otherwise, there would be no need to declare post discharge judgments that violate the protections found in § 524 void.

In light of the foregoing, this Court concludes that the state court judgment violates the discharge injunction, is void and a legal nullity beyond the reach of Defendant's *Rooker-Feldman* argument and is subject to collateral attack.[47]

    b. ***Issue Preclusion and Full Faith and Credit***

Under the full faith and credit statute, 28 U.S.C. § 1738, a federal court must give to a state court judgment the same preclusive effect it has under state law unless there exists an express or implied exception to the statute.[48] Whether an exception to the full faith and credit statute exists "depend[s] on the particular federal statute as well as the nature of the claim or issue involved in the subsequent federal action.... [T]he primary consideration must be the intent of Congress."[49]

---

[47] This Court is aware a Tenth Circuit panel, in an unpublished decision, concluded the *Rooker-Feldman* doctrine bars a complaint under § 524 seeking declaratory relief nullifying a state court's orders. Flanders v. Lawrence (In re Flanders), 657 F. App'x 808, 816 (10th Cir. 2016). However, unpublished decisions are not binding or favored for citation and do not supplant the binding effect of prior published decisions. See United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005) ("[U]npublished orders are not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel, and we have generally determined that citation to unpublished opinions is not favored."). Here, the Tenth Circuit's decision in Ellis v. Consol. Diesel Elec. Corp. is binding. 894 F.2d 371, 372–73 (10th Cir. 1990). In that case, the Tenth Circuit concluded that actions taken in violation of the automatic stay are void, without legal effect, and subject to collateral attack. *Id*. at 372-73. Judgments taken in violation of § 524 are not any less void. To give such judgments legal effect would be to reject the Tenth Circuit's conclusions concerning the effect of a void action, which this Court cannot do in reliance on unpublished authority. Regardless, the facts in *Flanders*, which involved the collision of bankruptcy, divorce and federal criminal law, are so dissimilar to this case that it provides little instruction here.

[48] Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380–81 (1985).

[49] *Id*. at 386.

Although here the state court had concurrent jurisdiction under 28 U.S.C. § 1334(b) to address whether a particular debt was excepted from discharge under §§ 523 and 727(b), Congress through § 524 deprived the state court – in clear and unambiguous terms – of the ability to misconstrue or modify the discharge itself by making such conclusions void and without legal effect.[50] Defendant did not ask the state court to consider whether Debtor's debt was excepted from discharge. Instead, Defendant effectively asked the state court to improperly modify the effect of § 524 by entering a judgment against Debtor on a discharged debt.

Section 524 renders an improper judgment void; it effectively "loses its teeth if a creditor can avoid [§ 524's] effect with the post-bankruptcy invocation of legal process and obtain a judgment that [§ 524] clearly prohibits due to a debtor's default or failure to defend competently, completely, or at all in reliance on the discharge."[51] Because the state court's judgment in this matter is void and a legal nullity, there is no winner or loser and, consequently, full faith and credit and issue preclusion are inapplicable.[52]

After reviewing the state court pleadings, there is no question the state court judgment included discharged debt and, as a consequence, is a void legal nullity.[53] Debtor's Complaint does not fall outside this Court's jurisdiction. This Court retains jurisdiction to sanction a

---

[50] See Meadows v. Hagler (In re Meadows), 428 B.R. 894, 910 (Bankr. N.D. Ga. 2010) (citing § 524(a)).

[51] *Id*. at 909.

[52] "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under Missouri law, a void judgment may be attacked collaterally. Worley v. Worley, 19 S.W.3d 127, 130 (Mo. 2000) (en banc); see also Berry v. Chitwood, 362 S.W.2d 515, 517 (Mo. 1962) (a void judgment is not res judicata); Pauli v. Spicer, 445 S.W.3d 667, 677 (Mo. Ct. App. 2014).

[53] Here, the Court finds the entire state court judgment is void, as opposed to only the judgment on that portion of debt that was not properly reaffirmed, because the Court cannot determine with specificity what portion of the judgment arises from debt that was discharged versus not discharged.

creditor's conduct that abuses the judicial process, including discharge violations.[54] Accordingly, this Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas. The United States District Court for the District of Kansas exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### III. ANALYSIS

In addition to Defendant's jurisdictional argument for dismissing Debtor's complaint, Defendant argues Debtor's complaint should be dismissed (i) because the Debtor is proceeding pro se and (ii) for failure to state a claim. Individuals may proceed pro se. Having concluded the Court has jurisdiction over Debtor's Complaint, the Court now determines whether the Complaint sets forth a claim for which relief can be granted.

a. *Legal Standard for Assessing a Motion to Dismiss*

A motion to dismiss for failure to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012. The requirements for a legally sufficient claim stem from Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[55] To survive a motion to dismiss, a complaint must present factual allegations that, when

---

[54] *Paul*, 534 F.3d at 1306–07 ("Under 11 U.S.C. § 105(a), bankruptcy courts have the equitable power to enforce and remedy violations of substantive provisions of the Bankruptcy Code, including in particular the discharge injunction in § 524(a)(2).").

[55] Rule 8 is made applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7008(a).

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

14

assumed to be true, "raise a right to relief above the speculative level."[56] The complaint must contain "enough facts to state a claim to relief that is plausible on its face."[57] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[58]

The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[59] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[60] The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[61]

Finally, the Court's obligation to construe a pro se litigant's pleadings liberally is not without limits. Pro se parties must, ultimately, follow the same rules of procedure governing other litigants.[62]

b. *Legal Sufficiency of Debtor's Claim*

Section 524(a)(1) voids past and future *in personam* judgments on discharged debts at any time obtained, and § 524(a)(2) provides that a discharge:

> operates as an injunction against the commencement or
> continuation of an action, the employment of process, or an act, to
> collect, recover or offset any such debt [discharged under § 727] as

---

[56] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[57] *Id*. at 570.

[58] Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (italics in original).

[59] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[60] Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[61] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[62] Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (citing Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).

*17.06.06 Gray v. Nussbeck - Order on Motion to Dismiss.docx*

15

a personal liability of the debtor, whether or not discharge of such
debt is waived ....

Bankruptcy courts have the power to hold creditors who violate the discharge injunction in contempt under § 105(a).[63] While it is not this Court's function to scour the record to develop Debtor's argument for him,[64] where a court can reasonably read the pleadings to state a valid claim on which a plaintiff can prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.[65] Here, the Court must accept as true Debtor's allegation, though unartful, that Defendant took Debtor to Court for $10,000 debt included in Debtor's bankruptcy. However brief Debtor's allegation, it is sufficient to state a claim under § 524.

## IV. CONCLUSION

Debtor's Complaint sets forth a plausible claim upon which relief may be granted. While the burden typically rests squarely on the Debtor to show by clear and convincing evidence the Defendant (1) had actual or constructive knowledge of the discharged debt and (2) intended the actions which were taken in violation of the injunction,[66] the Court's own record shows Defendant had notice of Debtor's bankruptcy, as well as timely notice of the proof of claim deadline and the entry of discharge. Further, the state court's records show Defendant knowingly

---

[63] *Paul*, 534 F.3d at 1306–07.

[64] *See* Nelson v. Colvin, Civ. Action No. 13–1199–JWL, 2014 WL 4794393, at *4 (D. Kan. Sept. 25, 2014).

[65] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[66] *See generally* Reliance Ins. Co. v. Mast Const. Co., 159 F.3d 1311, 1315 (10th Cir. 1998) (to prevail in a civil contempt proceeding, plaintiff must prove elements by clear and convincing evidence). "[T]he movant must prove that the creditor (1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction." Zilog, 450 F.3d 966, 1007 (9th Cir. 2006) (citing Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1072 (9th Cir.2002).

sought to and did take judgment against Debtor on a discharged debt. The record available to the Court demonstrates Defendant knowingly and intentionally violated § 524. For the foregoing reasons:

IT IS ORDERED that Defendant's Motion to Dismiss is DENIED;

IT IS FURTHER ORDERED that, in light of the foregoing, Defendant must show cause in a written filing within thirty (30) days why judgment as to liability should not be entered against Defendant and a trial on damages scheduled.

**IT IS SO ORDERED.**

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS